IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY ANN LACKEY          )
)
        Plaintiff,    )
)
   v.                  )  Civil Action No. 12-516
)
CAROLYN W. COLVIN,      )
ACTING COMMISSIONER OF  )
SOCIAL SECURITY,      )
)
        Defendant.   )

<u>MEMORANDUM ORDER</u>

AND NOW, this 7th day of May, 2013, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or

remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her pending application[1] for SSI on November 12, 2008, alleging a disability onset date of June 21, 2006, due to residual pain stemming from injuries sustained in a car accident. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on July 7, 2010, at which plaintiff appeared and testified. On September 3, 2010, the ALJ issued a decision finding that plaintiff is not disabled. On February 24, 2012, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 50 years old on the date of the ALJ's decision which is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has at least a high school education and has past relevant work experience as a shrink-wrap machine operator and house/office cleaner, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ determined that plaintiff is not disabled. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease of the

---

[1]  Plaintiff had filed a prior application for SSI which was denied at the initial level of administrative review on August 29, 2008.

AO 72
(Rev. 8/82)

lumbar spine, mild grade I anterolisthesis L5-S-1, right shoulder pain, right ankle sprain, major depressive disorder and anxiety disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at 20 C.F.R., Part 404, Subpart P, Appendix 1.

The ALJ further found that although plaintiff's impairments preclude her from returning to her past relevant work, she retains the residual functional capacity to perform light work but with a number of restrictions accounting for the limiting effects of her impairments, including, *inter alia*, that plaintiff is "limited to standing and/or walking, four hours out of an eight hour day." (R. 15).[2]

Taking into account these limiting effects, a vocational expert identified numerous categories of light jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including checker, blood donor unit assistant and dog bather.   Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in

---

[2]   Specifically, the ALJ found that plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except limited to standing and/or walking four hours out of an eight hour day, limited to occasional bending, stooping, kneeling, crawling and climbing ramps and stairs, must avoid balancing, crouching, and climbing ladders, ropes and scaffold, must avoid overhead reaching with the right upper extremity, must avoid exposure to extreme heat and cold, humidity and wetness, must avoid exposure to hazardous conditions such as unrestricted heights, dangerous machinery and uneven surfaces, and is limited to simple, routine tasks involving no more than simple, short instructions and simple work-related decisions with few work place changes." (R. 15).

significant numbers in the national economy.  Accordingly, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.  42 U.S.C. §1382c(a)(3)(A).  The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...."  42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3]  20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further.  Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[3]  The ALJ must determine in sequence:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity.  20 C.F.R. §416.920.  See also Newell, 347 F.3d at 545-46.  In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations.  Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

AO 72
(Rev. 8/82)

Here, plaintiff raises several challenges to the ALJ's finding of not disabled at step 5 of the sequential evaluation process[4]: (1) the ALJ's restriction limiting plaintiff to "standing and/or walking four hours out of an eight hour day" precludes plaintiff from performing "light work" as defined in SSR 83-10; (2) because plaintiff cannot perform light work, the Medical-Vocational Guidelines, or "grids," dictate a finding of disabled; (3) the ALJ improperly discredited plaintiff's testimony that she requires a cane for balancing and walking; and, (4) the ALJ improperly rejected the vocational expert's testimony indicating that no light work would be available for an individual with plaintiff's other limitations who also required the use of a cane. Upon review, the court is satisfied that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ's residual functional capacity finding that plaintiff is limited to standing and/or walking "four hours out of an eight-hour day" precludes her from performing light work as defined in SSR 83-10, which, according to plaintiff, requires an individual to be able to stand and/or walk for 6 hours of an 8-hour day in order to perform any light jobs. This argument is without merit.

---

[4] At step 5 the ALJ was required to show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

AO 72
(Rev. 8/82)

Plaintiff misinterprets SSR 83-10 as precluding <u>any</u> light work for an individual who cannot stand or walk for 6 hours of an 8-hour work day when in fact that ruling only provides that "the <u>full</u> range of light work requires standing or walking, off and on, for a total of approximately 6 hours out of an 8-hour work day." Thus, while it is true that plaintiff is not able to perform the <u>full</u> range of light work, the ALJ did not so find.  Instead, based on the medical evidence, the ALJ determined that plaintiff can stand and/or walk up to 4 hours of an 8-hour day, and then relied upon testimony from a vocational expert indicating that there are jobs at the light exertional level which an individual who is limited to standing and/or walking 4 hours in an 8-hour workday nevertheless can perform.  Accordingly, the court is satisfied that the ALJ's residual functional capacity finding that plaintiff can perform less than the full range of light work is consistent with SSR 83-10 and the regulations[5] and otherwise is supported by the record.

Plaintiff's second argument, that a finding of disabled as of the date she turned 50 years old is dictated by the grids,[6] also

---

[5]   20 C.F.R. §416.967(b) defines "light work" as work which involves lifting no more than 20 pounds with frequent lifting of up to 10 pounds.   The regulation further instructs that "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, <u>or</u> when it involves sitting most of the time with some pushing and pulling of leg and arm controls."

[6]  The Medical-Vocational guidelines, or "grids," set forth various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination.   <u>See</u> 20 C.F.R. Part 404, Subpart P, Appendix 2.   When the four factors in a claimant's case correspond <u>exactly</u> with the four factors set forth in the grids, the ALJ must reach the result the grids

must be rejected for similar reasons. Plaintiff relies upon either Grid Rule 201.12 or 201.14, both of which compel a finding of disabled for an individual closely approaching advanced age, with a high school education, and either unskilled prior work experience (Rule 201.12) or skilled or semi-skilled non-transferable prior work experience (Rule 201.14), and who retains a maximum sustained work capability limited to sedentary work. However, neither grid Rule 201.12 or 201.14 is applicable here because plaintiff's <u>maximum</u> sustained work capability is <u>not</u> limited to sedentary work.[7] Rather, the ALJ correctly found that plaintiff is limited to less than the full range of light work.

It is axiomatic that residual functional capacity is not the least an individual can do despite her limitations but the most. SSR 96-8p; <u>see also</u> SSR 83-10 (RFC is used to determine the "<u>maximum</u> sustained capability for work"); 20 C.F.R. §416.945(a) ("your residual functional capacity is the <u>most</u> you can still do despite your limitations"). Here, the ALJ found that plaintiff is limited to standing or walking no more than 4 hours of an 8-hour workday, which is less than the ability to stand or

reach. <u>Sykes v. Apfel</u>, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §416.969; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00.

[7] 20 C.F.R. §416.967(a) defines sedentary work as involving lifting no more than 10 pounds at a time" and "occasionally lifting and carrying articles." Although a sedentary job is defined as one which involves sitting, the regulation further recognizes that "a certain amount of standing and walking are required occasionally in carrying out job duties." SSR 83-10 states that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday." <u>See also</u> SSR 96-9p ("the full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8-hour workday").

AO 72
(Rev. 8/82)

walk the 6 hours necessary to perform the <u>full</u> range of light work, but is beyond the ability to stand or walk the 2 hours necessary to perform the <u>full</u> range of sedentary work.

SSR 83-12 expressly provides that the grids do not direct a conclusion of "disabled" or "not disabled" where "an individual's RFC does not coincide with the exertional criteria of any one of the [exertional] ranges." The ruling also recognizes that where the exertional level falls between two rules which direct opposition conclusions, *i.e.*, "not disabled" at the higher exertional level and "disabled" at the lower exertional level, "and the individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as far as the sufficiency of the remaining occupational base to support a conclusion as to disability." Accordingly, vocational evidence is advisable for these types of situations. <u>Id.</u>

Here, the ALJ was faced with a situation where plaintiff's exertional limitations are "somewhere in the middle" between light and sedentary work. In this situation, the ALJ properly relied on vocational expert testimony to find that there are jobs existing in significant numbers in the national economy that plaintiff can perform in light of her age, education and residual functional capacity, rather than using the grids to dictate a finding of not disabled or disabled. The ALJ complied with the applicable regulations and his finding is supported by substantial evidence.

Plaintiff's next argument is that the ALJ improperly discredited plaintiff's testimony that she requires a cane for balancing and walking. Upon review, the court is satisfied that the ALJ properly adhered to the regulations and that his credibility finding is supported by substantial evidence.

It is well-settled that a claimant's allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and that an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

The ALJ in this case found that while plaintiff's impairments reasonably could be expected to cause plaintiff's alleged symptoms, her statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with the medical evidence and the descriptions of her activities. (R. 16). The ALJ did a thorough job in his decision discussing all of the relevant objective medical evidence and explaining why plaintiff's statements concerning the "intensity, persistence and limiting effects of her symptoms" were not supported by that objective medical evidence. (R. 16-18).

The ALJ also specifically addressed plaintiff's testimony indicating that she is required to use a cane for walking and balancing. (R. 17-18). In this regard, the ALJ noted that although

plaintiff does use a cane for ambulation, she conceded at the hearing that the cane was not prescribed by a treating or examining physician, but was given to her by a friend who said it "looked like she needed it." (R. 28).

The responsibility for assessing residual functional capacity lies solely with the ALJ. 20 C.F.R. §416.926(c). Here, the court has reviewed the record and is satisfied that the ALJ's omission from his residual functional capacity finding of a requirement that plaintiff use a cane for walking and balancing is supported by substantial evidence because there is no evidence in the record that plaintiff's use of a cane is medically required.

In order to find that a hand-held assistive device is medically required, "there must be medical documentation establishing the need for a ... device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p. The ALJ is to consider the particular facts of each case, "[f]or example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded." Id.

Here, there is no medical documentation establishing either plaintiff's need for a cane or the circumstances for which it is needed. To the contrary, plaintiff conceded at the hearing that

AO 72
(Rev. 8/82)

the cane was not prescribed to her by any treating or examining physician but was given to her by a friend. (R. 28). Moreover, the ALJ pointed out that plaintiff has not received physical therapy, injections or bracing, nor has she ever required the use of a TENS unit or surgical intervention. (R. 17-18). Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations, including that she requires a cane for walking and balancing, was not entirely credible.

The record demonstrates that the ALJ adhered to the appropriate standards in evaluating plaintiff's credibility, and it is not this court's function to re-weigh the evidence and arrive at its own credibility determination. Rather, this court must determine only whether the ALJ's credibility determination is supported by substantial evidence. The court is satisfied in this case that it is.

As there is no evidence in the record that plaintiff's use of a cane is medically required, the ALJ also did not err in disregarding the vocational expert's hypothetical response that there would be no light work available to an individual who would need the assistance of a cane for balancing and walking, as a hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record. <u>Podedworny v. Harris</u>, 745 F.2d 210 (3d Cir. 1984).

Here, a limitation requiring the use of a cane is supported neither by the objective medical evidence nor by plaintiff's daily activities. Accordingly, the vocational expert's response to the

hypothetical incorporating such a limitation properly was disregarded. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the vocational expert's testimony that plaintiff can perform the light jobs that he identified with those restrictions supported by the record constitutes substantial evidence supporting the ALJ's step 5 finding that plaintiff retains the ability to perform work existing in significant numbers in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.


*Gustave Diamond*
Gustave Diamond
United States District Judge


cc:  E. David Harr, Esq.
     203 South Main Street
     Greensburg, PA 15601

     Christy Wiegand
     Assistant U.S. Attorney
     700 Grant Street
     Suite 4000
     Pittsburgh, PA 15219